IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID P. FANSLER,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CV F 04-6216 AWI<br>(CR F 00-5421 AWI)<br><br>ORDER DENYING PETITION<br>TO VACATE, MODIFY OR<br>SET ASIDE SENTENCE<br><br>(28 U.S.C. § 2255) |

### INTRODUCTION

This is a petition for habeas corpus relief pursuant to 28 U.S.C., section 2255[1] by petitioner David P. Fansler ("Petitioner"). This court has federal question jurisdiction pursuant to 28 U.S.C., section 1331. Venue is proper in this court.

### PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On February 4, 2003, Defendant was convicted by plea of guilty to three counts of willfully making and subscribing to a false tax return in violation of 26 U.S.C., section 7206(1), and one count of bank fraud in violation of 18 U.S.C., section 1014. Pursuant to the plea agreement, the amount of tax loss was determined by evidentiary hearings before the district court judge on June 10, 2003, and November 27, 2003. The court determined the tax loss to be

---

[1] References to section numbers hereinafter refer to sections of Title 28 of the United States Code unless otherwise specified.

in the amount of $95,587.  Based in part on the amount of tax loss, Petitioner was sentenced to a split-term of five months in custody and five months in a halfway house.  Corrected judgment was entered on February 23, 2004.  Respondent United States ("Respondent") filed notice of appeal to the Ninth Circuit Court of Appeal on February 23, 2004.  Petitioner filed notice of cross-appeal on March 4, 2004.  Respondent voluntarily dismissed their appeal on March 22, 2004.  Petitioner's cross-appeal was voluntarily dismissed on August 17, 2004.

The instant motion to vacate, correct, or set aside the sentence pursuant to section 2255 was filed on September 7, 2004.  On December 22, 2004, the court issued a memorandum order an opinion finding that Petitioner's general waiver of rights to appeal in the plea agreement did not prevent Petitioner from bringing a petition for habeas relief pursuant to Blakely v. Washington, 542 U.S. ___ (2004).  The court did not rule on the merits of Petitioner's claims, but rather requested further briefing by the parties on the issue of whether the rule set forth the in Blakely, could be asserted in the instant case.  Respondent filed their brief on February 2, 2005.  Petitioner did not file a further brief on the issue of applicability of Blakely or related cases, but rather filed a request for reconsideration of bail, which was ultimately denied on February 14, 2005.

**LEGAL STANDARD**

Section 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence."  Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.' "  United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255).  The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently

frivolous as to warrant summary dismissal." <u>United States v. McMullen</u>, 98 F.3d 1155, 1159 (9th Cir.1996) (internal quotations omitted), cert. denied, 520 U.S. 1269, 117 (1997). To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. <u>Id</u>. Mere conclusory statements in a section 2255 motion are insufficient to require a hearing. <u>United States v. Hearst</u>, 638 F.2d 1190, 1194 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981).

## DISCUSSION

Petitioner's habeas corpus petition raises only one substantive issue. Petitioner contends the sentence he received was enhanced on the basis of facts that were neither admitted or proven to a jury beyond a reasonable doubt in violation of the rule set forth in <u>Blakely v. Washington</u>, 542 U.S. \_\_\_ (2004). Specifically, Petitioner contends the amount of tax loss that resulted from the three counts of wilful filing of a false return was not admitted and was not proven beyond a reasonable doubt as required by <u>Blakely</u>.

Respondent initially contended that the court lacked jurisdiction over the petition because Petitioner had waived in the plea agreement any right to attack his conviction or his sentence, either by direct appeal or collaterally by writ of habeas corpus. Upon the court's determination that Petitioner had not waived the right to challenge his sentence on <u>Blakely</u> grounds, Respondent submitted further briefing arguing Petitioner has waived the right to assert rights under <u>Blakeley</u> because he failed to raise the issue either at trial or on direct appeal. For the reasons discussed below, the court agrees.

Petitioner filed his cross-appeal on March 4, 2004. Neither party alleges that the appeal or the cross-appeal addressed issues relating to the standard of proof employed in determining the amount of tax loss, or to any other issue that would touch on the issues raised in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (200); <u>United States v. Booker</u>, \_\_\_ S.Ct. \_\_\_ (2005), or any of their progeny. Petitioner voluntarily dismissed his cross-appeal on August 20, 2004. The decision in <u>Blakely</u>, was decided on June 24, 2004, during the pendency of Petitioner's cross-appeal.

Petitioner was not prevented from raising a <u>Blakely</u> issue during the pendency of his cross-appeal, which had been filed on other grounds. As respondent points out, <u>Blakeley</u> was decided almost 60 days before Petitioner voluntarily withdrew his appeal. During that 60-day period Petitioner could have moved to amend his appeal to include any relevant issues relating to <u>Blakely</u>, <u>Apprendi</u>, or <u>Booker</u>. <u>See</u> <u>Teague v. Lane</u>, 489 U.S. 288, 303-304 (1989); <u>United States v. Elkshoulder</u>, 2004 WL 2823315, slip op. at *1 (9th Cir. (Mont.)) (new constitutional rules of criminal procedure are applicable and can be invoked where the judgment is not final, including to cases on direct review); <u>United States v. Ameline</u>, 376 F.3d 967, 974 (9th Cir. 2004) (appellate court has "authority to consider *sua sponte* a claim that was not initially raised on appeal.").

"'If a criminal defendant could have raised a claim of error on direct appeal but nevertheless failed to do so, he must demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claim of error.' [Citation.]" <u>United States v. Skurdal</u>, 341 F.3d 921, 925 (9th Cir. 2003). "Generally, to demonstrate 'cause' for procedural default, an appellant must show that 'some objective factor external to the defense' impeded his adherence to the procedural rule. [Citation.]" <u>Id.</u>  Because Petitioner could have raised his <u>Apprendi</u>/<u>Blakely</u> / <u>Ameline</u> issues on direct appeal, but did not, he may not raise those issues on collateral review absent a showing of cause excusing his procedural default, and actual prejudice resulting from the claim of error.

The court notes that Petitioner's prior counsel was granted leave to withdraw from representation and cited as reason, among other things, a potential conflict of interest arising from an ineffective assistance of counsel claim that presumably may be pending. While ineffective assistance of counsel may, if shown, demonstrate cause for procedural default, <u>id</u>. at 926-927, there has been no claim of ineffective assistance to this point. Petitioner has likewise failed to allege any other cause for procedural default nor is any cause apparent.

Petitioner likewise fails to allege facts that, if true, would be sufficient to show actual prejudice. Petitioner still has not alleged any facts to alter the court's prior finding that there is

4

no substantial likelihood that, if granted a jury determination of his tax liability beyond a reasonable doubt, he will be able to demonstrate a tax liability low enough to qualify for a lesser sentence. According to United States' supplemental brief on retroactivity of <u>Booker</u>, Petitioner admitted he did not report cover charge income and the resulting tax losses were calculated using Petitioner's own figures. United States alleges Petitioner was not able to show a lesser tax loss because he had no records to validate his claims that cover charge income was used in part to pay deductible business expenses. Petitioner does not dispute these allegations.

        Petitioner alleges that, although he lacks the records to substantiate the deductibility of a portion of the cover charge income, United States will not be able to meet its burden to prove the losses beyond a reasonable doubt. Petitioner's allegation seems to misapprehend the parties' burdens with respect to proof of tax liability. If Petitioner's own records substantiate a level of cover charge income that corresponds to the alleged unpaid tax liability, and there is no reasonable doubt as to the authenticity of the records, then United States has met its burden of proof. Deductibility of cover charge income is in the nature of an affirmative defense and it is the defendant's burden to prove the deductions. United States, in proving Petitioner's tax liability beyond a reasonable doubt, has no burden to prove the non-existence or illegitimacy of deductions for which proof is otherwise lacking. In order to overcome the procedural bar to his habeas petition, Petitioner must be able to proffer evidence that, if admitted, would *affirmatively* demonstrate his tax liability was less than alleged. Petitioner admits this proof is lacking.

        The court finds that Petitioner's failure to raise any issues pertaining to <u>Blakely</u>, <u>Apprendi</u>, or their progeny during the trial or on direct appeal constitutes a procedural bar to the assertion of rights under those cases on collateral review pursuant to section 2255. Petitioner has failed to demonstrate either cause or actual prejudice, both of which must be demonstrated in order to overcome the procedural bar. The petition for relief pursuant to section 2255 must therefore be denied.

        THEREFORE, pursuant to the foregoing discussion, it is HEREBY ORDERED that the

petition of David P. Fansler to vacate, correct or set aside his sentence pursuant to section 2255 is DENIED.

IT IS SO ORDERED.

Dated: July 8, 2005                             /s/ Anthony W. Ishii
h2ehf                                       UNITED STATES DISTRICT JUDGE